IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM E. MCGHEE,

    Plaintiff,

v.                                                         Case No. 19-cv-0340 JCH-JHR

CAPTAIN RODRIGUEZ,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff William McGhee's *Pro Se* Civil Rights Complaint (Doc. 1). Plaintiff is incarcerated, *pro se,* and proceeding *in forma pauperis*. He alleges prison guards poisoned his food in 2012. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915(e), the Court will dismiss the Complaint with prejudice.

**I.**     **Background**[1]

In 2012, Plaintiff was receiving vegetarian meals at the Central New Mexico Correctional Facility (CNMCF). (Doc. 1 at 3, 9). By September of that year, he believed food service workers, prison administrators, and security personnel engaged in a "concerted effort" to put rat poison in his food. *Id.* CNMCF Captain Rodriguez allegedly knew about the poisoning and allowed it to continue. *Id.* at 3. Plaintiff's name was listed on the styrofoam food trays based on his vegetarian diet, so it was allegedly easy for prison officials to "target [him] for poisoning." *Id.* at 3. On September 7, 2012, Plaintiff submitted a request to be taken off the vegetarian diet. *Id.* at 9. Prison officials did not initially switch his diet. *Id.* About a week later, Head Nurse Peggy Chavez

---

[1] For the limited purpose of this ruling, the Court assumes the facts alleged in the Complaint (Doc. 1) are true.

recommended that Plaintiff refuse the vegetarian tray. *Id.* He tried to refuse, but Officer Rascon stated Plaintiff would have to go through the medical unit. *Id.* Plaintiff alleges sometimes he experienced bloating, stomach pain, liver pain, and weight loss after eating, but other times he did not get sick. *Id.* at 10.

Plaintiff does not specify how long he received the vegetarian meals. At one point he alleges prison officials "hurt [him] bad – for weeks," and elsewhere in the Complaint he alleges he was poisoned "more than 100 … times over several years." *Id.* at 2, 4. Plaintiff speculates the poisoning occurred because his psychotropic medications began to wear off and he was filing grievances again. *Id.* at 4. He contends prison officials "had done too much wrong" and "were desperate to shut him up." *Id.* Plaintiff alleges he filed an informal complaint on September 14, 2012 but did "not take it further because [he] was afraid." *Id.* at 6, 8.

Construed liberally, the Complaint raises claims for cruel and unusual punishment under the Eighth Amendment and 42 U.S.C. § 1983. (Doc. 1 at 4). Plaintiff seeks $6,000 from one Defendant: Captain Rodriguez. *Id.* at 1, 8. Plaintiff obtained leave to proceed *in forma pauperis*, and the matter is ready for initial review.

## II. Standards Governing Initial Review

Section 1915(e) of Title 28 requires the Court to conduct a *sua sponte* review of all *in forma pauperis* complaints. The Court must dismiss any inmate complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e). The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The

2

plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …, or … unfamiliarity with pleading requirements." *Id.* However, the Court may not craft legal theories or assume the role of advocate for a *pro se* litigant. *Id.*

### III. Discussion

Plaintiff's constitutional claim must be analyzed under 42 U.S.C. § 1983, the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). Before obtaining relief, a § 1983 plaintiff must exhaust administrative remedies as set forth in 42 U.S.C. § 1997e(a). "[E]xhaustion is mandatory under the PLRA and ... unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 216 (2007). The "failure to exhaust is an affirmative defense," and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id.* However, where "it is clear on the face of [the plaintiff's] complaint that he ha[s] not exhausted his administrative remedies," "the district court properly may raise the exhaustion question *sua sponte*." *See Freeman v. Watkins*, 479 F.3d 1257, 1260 (10th Cir. 2007).

The Complaint here plainly reflects Plaintiff filed an informal complaint, which did not yield a favorable result, but "did not take it further." (Doc. 1 at 6). The attached informal complaint contains a bold, underlined statement warning: "If this informal complaint could not be resolved, the inmate may pursue a formal grievance within 20 calendar days of the date of incident. Attach this document to the Formal Grievance." *Id.* at 8. Plaintiff does not allege the remaining administrative remedies were unavailable; rather, he states he did not complete the exhaustion process "because [he] was afraid." *Id.* at 6. Where the remedies are available, the "[C]ourt may not excuse a failure to exhaust, even to take such [special] circumstances into account." *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016). *See also Jernigan v. Stuchell,* 304 F.3d 1030, 1032 (10th Cir. 2002) ("The PLRA does not enable judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems."). The Complaint therefore subject to dismissal for failure to exhaust.

Alternatively, even if Plaintiff exhausted administrative remedies, the claims are time-barred. Section § 1983 violations occurring in New Mexico are governed by the three-year personal injury statute of limitations contained in N.M. Stat. Ann. § 37-1-8 (1978). *See Varnell v. Dora Consol. Sch. Dist*., 756 F.3d 1208, 1212 (10th Cir. 2014). *See also McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011) (The statute of limitations under § 1983 "is dictated by the personal injury statute of limitations in the state in which the claim arose."). As with exhaustion, courts may consider the § 1983 time-bar on screening when the defense is obvious from the face of the pleading. *See Fratus v. DeLand*, 49 F.3d 673, 674-75 (10th Cir. 1995). The informal grievance attached to the Complaint clearly reflects Plaintiff believed he was being poisoned in September 2012. (Doc. 1 at 8). He alleged "they hurt [him] bad – for weeks;" that "this particular poisoning

4

happened between the second and third treatment guardian hearings;" and that he finally succeeded on appeal after the third guardianship hearing.[2] *Id.* at 2, 4. The appellate order - which is part of the federal record in another case, *New Mexico Department of Corrections v. McGhee,* 11-cv-0640 JCH-WPL (Doc. 77-5 at 22) - was entered January 19, 2012. Plaintiff filed the Complaint over six years after the alleged poisoning occurred, on April 11, 2019. His claims are therefore barred by the statute of limitations.

Finally, notwithstanding the above defects, Plaintiff's allegations on factually frivolous. "[T]he [in forma pauperis] statute accords judges … the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions … describe[e]fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Courts have repeatedly relied on this principle to dismiss claims alleging a conspiracy to poison food. *See Lee v. Maye,* 589 Fed. App'x 416 (10th Cir. 2015) (affirming dismissal of complaint as factually frivolous where plaintiff alleged prison officials were "poisoning his food"); *Kirby v. Dallas Cty. Adult Prob. Dep't,* 359 Fed. App'x 27, 35 (10th Cir. 2009) ([Plaintiff's] vague allegations that … detention facility guards [conspired] to poison him and deny him medical attention, food, and water falls well short of our pleading requirements"); *Huey v. Raymond*, 53 Fed. Appx. 329 (6th Cir. 2002) (inmate's claim that his food was poisoned by numerous prison employees, resulting in various ailments, was properly dismissed as frivolous); *Brock v. Angelone*, 105 F.3d 952 (4th Cir. 1997) (rejecting inmate's claims that he was being poisoned by an ingredient

---

[2] Elsewhere in the Complaint, Plaintiff also states he was poisoned for "several years." (Doc. 1 at 2). The Court will use the more specific timeline, which is consistent with the documents in the record. However, even if the Court assumed Plaintiff was poisoned for three years between 2012 and 2015, the 2019 Complaint would still be time-barred.

in the prison pancake syrup).  *Cf Slack v. Jones*, 348 Fed. App'x 361, 366 (10th Cir. 2009) (summarily denying motions to test samples of allegedly poisoned prison food).

The instant Complaint gives no objective indication that prison officials were poisoning Plaintiff.  He merely alleges he became sick on some days, but not others, after eating the vegetarian trays, and that he believes prison officials were giving him "De-Con" rat poison.  (Doc. 1 at 9-10).  The Complaint further indicates Plaintiff was involved in multiple mental-health guardianship hearings to restore his competency.  *Id.* at 4.  He has a long history of believing he is being poisoned; he raised the allegation in at least two other unsuccessful federal lawsuits.  *See, e.g., New Mexico Department of Corrections v. McGhee,* 11-cv-0640 JCH-WPL (Doc. 100 at 3) (describing Plaintiff's "paranoid delusions" that "the facility staff was poisoning him"); *McGhee v. Biamont*, 348 Fed. App'x 418, 420 (10th Cir. 2009) (declining to consider Plaintiff's unpreserved claim that "prisons officials are retaliating against him by poisoning his food and medication").  Accordingly, the Court finds Plaintiff's unsupported allegations regarding poisoning to be factually frivolous.[3]

The Court will dismiss the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) as factually frivolous and for failure to state a cognizable claim.

## V.     The Court Declines to *Sua Sponte* Invite an Amendment

*Pro se* prisoners are often given an opportunity to amend, if the pleading defects are attributable to their ignorance of federal law.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, courts need not invite an amendment when any amended complaint would also be subject to dismissal under Fed. R. Civ. P. 12(b)(6).  *See Bradley v. Val-Mejias*, 379 F.3d 892,

---

[3] It does not appear Plaintiff intends to raise a claim regarding his guardianship proceedings or involuntary medication.  However, even if he did, this claim has already been considered and rejected in *McGhee v. Sweeney,* 11-cv-0640 JCH-WPL (Docs. 100, 106).

901 (10th Cir. 2004).  Here, amending the Complaint would clearly be futile.  The Complaint is unexhausted, time-barred, and describes a delusional, factually frivolous scenario.  The Court declines to *sua sponte* order an amendment and will dismiss the Complaint with prejudice.

**IT IS ORDERED** that Plaintiff's Civil Rights Complaint (**Doc. 1**) is **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) as both factually frivolous and for failure to state a cognizable claim; and the Court will enter a separate judgment closing the civil case.

_____
SENIOR UNITED STATES DISTRICT JUDGE